Aponte Jiménez, Juez Ponente
*710 TEXTO COMPLETO DE LA RESOLUCION
La recurrente, Corporación del Fondo del Seguro de Estado (Fondo), nos solicita que dejemos sin efecto una resolución emitida en reconsideración por su Junta de Apelaciones (Junta), mediante la cual ese. foro administrativo con funciones apelativas sostuvo su determinación inicial que ordenó clasificar el puesto ocupado en dicha agencia por la recurrida, Gloria D. Figueroa, en la categoría de Oficial de Relaciones Laborales III con una escala salarial número 17 retroactivo a la fecha de implantación del Plan de Clasificación y Retribución (Plan). A la luz de los fundamentos que a continuación se esbozan, expedimos el auto solicitado a los únicos fines de dejar sin efecto la disposición del dictamen recurrido que ordena al Fondo clasificar a la recurrida como Oficial de Relaciones Laborables III.
Los hechos medulares no están en controversia. El 29 de octubre de 1992, la recurrida presentó un escrito de apelación ante la Junta. Adujo que en el año 1983, fue transferida a la Oficina de Relaciones Industriales de la recurrente para ocupar el puesto de Ayudante del Director de Relaciones Industriales. Indicó que sus funciones conllevaban un alto grado de responsabilidad y complejidad que la diferenciaban de los demás puestos pertenecientes a esa área. Señaló que con la implantación en el año 1990 del nuevo Plan, los correspondientes a esa oficina se reclasificaron como Oficial de Relaciones Laborales I y II. Expuso que por las funciones que desempeñaba fue reclasificada como Oficial de Relaciones Laborales II. Los restantes puestos fueron catalogados en el nivel I. Agregó que aunque los del nivel I fueron reclasificados en el nivel II como resultado de una posterior revisión, el de ella se mantuvo en la misma escala. Conforme a ello, solicitó que se reclasificara el mismo, ya que debe figurar con un nivel superior a los demás.
Posteriormente, instó una segunda apelación ante la Junta. Planteó que había sido despojada de gran parte de sus funciones por razones ajenas al principio de mérito. Sostuvo también que fue víctima de hostigamiento y rechazo total como profesional por ser mujer. Requirió que se ordenara el cese de esa práctica y que se le devolvieran todas sus funciones.
La Junta consolidó ambas apelaciones. Después de múltiples trámites procesales, emitió un dictamen. Determinó que la recurrida aceptó que las alegaciones de hostigamiento y persecución por parte del entonces Director de Relaciones Laborales, eran académicas porque la situación ya había cesado luego de que éste fue sustituido. Dictaminó también que efectivamente hubo un despojo de funciones que se efectuó en violación al Reglamento de Personal. De esa forma, ordenó al Fondo que restituyera a la recurrida todas las funciones que desempeñó bajo el puesto ocupado con anterioridad a la vigencia del Plan. Decretó, además, que debía evaluar las funciones restituidas junto con el título y la clasificación del puesto que ésta ocupaba para otorgarle lo que correspondía conforme al nuevo Plan.
En cumplimiento con lo ordenado, el Fondo presentó un informe. Concluyó en el mismo que a base de las funciones que realizaba la recurrida, la clasificación más adecuada era la de Ayudante Técnico. Esta por su parte, sostuvo que la posición de Ayudante del Director de Relaciones Laborales no comparaba con la de Ayudante Técnico en términos de complejidad, responsabilidad, preparación académica, experiencia requerida y jerarquía relativa. Sometió un estudio sobre los deberes del puesto de Ayudante Técnico en relación con las funciones que ella desempeñaba.
Así las cosas, la Junta resolvió. Indicó que el informe presentado por el Fondo no elaboraba, ni respondía adecuadamente a los reclamos de la recurrida. Señaló que no era satisfactoria la conclusión de que el puesto de ésta clasificaba como Ayudante Técnico porque dejaba de considerar y comparar otros. Tampoco proveía información sobre el efecto retributivo de esa clasificación. Ante ello, expuso que el estudio sometido por el *711 Fondo era de escasa utilidad. Opinó también que la clase de Ayudante Técnico era muy similar a la de Oficial de Relaciones Laborales II siendo el puesto original de la recurrida superior en rango, complejidad, responsabilidad y discreción. Concluyó que no podía ser reclasificada como Ayudante Técnico. Conforme a lo anterior, emitió una orden interlocutoria. Dispuso que hasta tanto no mediara un análisis objetivo y detallado de las funciones del puesto de Ayudante del Director de Relaciones Laborales junto con otras plazas que puedan ser equivalentes, se le extendiera a la recurrida el nombramiento y retribución correspondiente a la clase de Oficial Ejecutivo V.
La recurrente solicitó reconsideración. Planteó esencialmente que las funciones que desempeñaba la recurrida no enmarcaban en la descripción de la clase de Oficial Ejecutivo V. Atendida la misma, la Junta concedió a esta última quince (15) días para que se expresara, ya que las partes estaban tratando de lograr un acuerdo transaccional. Dado que éste no se produjo, la Junta señaló una vista.
Días antes de celebrarse la audiencia pautada, el Fondo sometió otro informe para complementar el presentado previamente. Reprodujo su argumento de que el conjunto de funciones inherentes al puesto que ocupaba la recurrida, no enmarcaba en la clase de Oficial Ejecutivo V. Se reiteró también en que la clasificación adecuada era la de Ayudante Técnico.
Luego de celebrada la vista señalada en la que las partes presentaron su prueba en apoyo de sus pretensiones, la Junta emitió su decisión. Decretó que el título, la clasificación y las funciones de la recurrida fueron variados arbitrariamente. Se basó en que no medió un estudio que justificara ese proceder, contrario a lo dispuesto en el Reglamento de Personal.
Determinó, asimismo, que no encontró un puesto clasificado que claramente recogiera y abarcara los deberes de la recurrida. Por ello, decidió que hasta que no existiera un estudio de clasificación y retribución del puesto original, la designaba como "Oficial de Relaciones Laborales III, título funcional Ayudante del Director Oficina de Relaciones Laborables" con todas las funciones que ejerció mientras ocupó el puesto de Ayudante del Director de Relaciones Laborales. Fijó su nivel de retribución en la escala número 17. Declaró que esa reclasificación sería efectiva a la fecha de implantación del Plan. Por último, concedió a la recurrida honorarios de abogado en la suma de diez por ciento (10%) del ajuste salarial que le correspondiese por razón de la reclasificación concedida.
El Fondo solicitó reconsideración. Señaló que la creación de la clase de Oficial de Relaciones Laborales III trastocaría la organización y jerarquía de la Oficina de Relaciones Laborales. Argumentó que crear ese puesto le daría a los oficiales en el nivel II una expectativa de ascenso a una posición que debería eliminarse por duplicidad de funciones, ya que bajo el nuevo Plan los deberes asignados a la recurrida ahora son realizados por el Sub-director y por el asesor legal de la oficina. Recomendó que lo más prudente sería crear el puesto de Ayudante del Director de Relaciones Laborales, lo cual no conlleva, ni implica un nivel de ascenso y podría eliminarse cuando la recurrida lo deje vacante.
La Junta denegó la reconsideración. Aclaró que la clasificación del puesto de la recurrida "como Oficial de Relaciones Laborales III, título funcional Ayudante del Director" era temporera hasta que existiese un estudio y se clarificara adecuadamente sus funciones. Resaltó que cualquier acción del Fondo dirigida a clasificar formalmente a la recurrida en el puesto de Ayudante del Director de Relaciones Laborales sería consistente con su decisión.
Inconforme, el Fondo acude ante nos. Se limita a impugnar el dictamen recurrido en cuanto le ordena al Fondo clasificar a la recurrida como Oficial de Relaciones Laborables III. Plantea que el puesto de Oficial de Relaciones Laborales HI no existe en el nuevo Plan. Argumenta que la Junta no podía crearlo porque no tiene la facultad para determinar los puestos a ser establecidos en la estructura organizativa de la agencia. Sostiene que bajo el Plan sólo existen los niveles I y II de Oficial de Relaciones Laborales. Reitera que se trastocaría la organización y jerarquía de la Oficina de Relaciones Laborales con la creación de este nuevo puesto.
Arguye también que se clasificó a la recurrida como Oficial de Relaciones Laborales II porque realmente es *712 lo más que se asemeja a la naturaleza de sus funciones. Añade que eso no cambia por el hecho de llamarle Ayudante del Director de Relaciones Laborales. Por último, aunque también impugna la determinación de la Junta en el sentido de que el Fondo varió arbitrariamente el título, clasificación y funciones del puesto de la recurrida, no discute, ni elabora sobre el particular. Por el contrario, meramente se limita a expresar que esas circunstancias "no fueron probadas en este caso" sin abundar sobre ello. Véase, Recurso de Revisión, pág. 14.
La recurrida compareció en autos. Se opone a la expedición del auto solicitado. Aduce que el dictamen impugnado es razonable porque las determinaciones de hechos están sostenidas por prueba sustancial contenida en el expediente administrativo y las conclusiones de derecho son cónsonas con nuestro ordenamiento jurídico. Expone que el remedio concedido es apropiado.
De entrada, procede destacar el alcance de nuestra intervención. La función revisora de los tribunales con respecto a los dictámenes de los organismos administrativos es una de carácter limitado. A esos efectos, las decisiones de éstos merecen gran deferencia y respeto por los tribunales. Ello se basa en la experiencia y peritaje que gozan dichos organismos en las áreas de su competencia. Misión Industrial v. Junta de Planificación, 98 J.T.S. 79; Maisonet Felicié v. Corporación del Fondo del Seguro del Estado, 96 J.T.S. 169. De esa forma, las decisiones administrativas tienen a su favor una presunción de regularidad y corrección que prevalece mientras la parte que las impugne no produzca suficiente evidencia para derrotarlas. Henríquez v. Consejo de Educación Superior, 120 D.P.R. 194 (1987).
Por ello, los tribunales deben limitarse a determinar si la agencia actuó arbitraria o ilegalmente o en forma tan irrazonable que su actuación hubiese constituido un claro abuso de discreción. Fuertes v. A.U.P.E., 134 D.P.R. 947 (1993); Murphy Bernabé v. Tribunal Superior, 103 D.P.R. 692 (1975). Es decir, deben indagar sobre la razonabilidad de la decisión administrativa y no sustituir el criterio de dicho organismo por el suyo propio, a menos que se violen derechos constitucionales o que la actuación administrativa sea totalmente arbitraria. La Facultad para las Ciencias Aplicadas, Inc. v. C.E.S., 133 D.P.R. 521 (1993).
En cuanto a la clasificación de puestos, reconocemos que un plan de clasificación pretende establecer una organización de las clases de puestos que responda a la estructura funcional de la agencia. La separación de las clases de puestos y el orden asignado considerará la naturaleza y complejidad de los requisitos, tareas y deberes exigidos a cada clase de puesto con el propósito de clasificarlas en un orden progresivo de grados de relevancia a la estructura organizativa de la agencia. De esa forma, la clasificación debe efectuarse sobre la base de las labores y deberes más importantes del empleado y de acuerdo a las que mayor tiempo consumen. Lo relevante, a nuestro juicio, es determinar cuáles son las funciones principales a las que mayor tiempo se les dedica.
Se trata de un instrumento para la administración de los recursos humanos. Es una prerrogativa gerencial. Como instrumento en la administración de sus recursos humanos corresponde a la autoridad nominadora la plena facultad de determinar cuáles son los puestos necesarios para realizar la misión de la agencia, sus funciones y los requisitos que debe tener el incumbente. Claro está, dicha facultad no es absoluta. Cada empleado tiene derecho a ser correctamente clasificado. Mercado Vega v. U.P.R., 128 D.P.R. 273, 285 (1991). Comprobado que se ha registrado una clasificación errónea, obviamente le corresponde modificar esa determinación.
Con estos antecedentes, apreciamos que no es razonable la determinación de la Junta al ordenar al Fondo clasificar a la recurrida en el puesto de Oficial de Relaciones Laborales III, aunque sea de forma temporera. Ese puesto no forma parte de la estructura organizativa del Fondo. En el ejercicio de su prerrogativa gerencial, se establecieron sólo los niveles I y II en el puesto de Oficial de Relaciones Laborales. Es decir, no se incluyó otro en esa posición. De esa forma, al crear un nivel III, la Junta se adjudicó una facultad que no le pertenecía. Por ende, incidió al así resolver.
No obstante lo anterior, le compete a la recurrente clasificar correctamente a la recurrida. Para ello debe *713 realizar dentro de un término razonable, no mayor de treinta (30) días, un adecuado estudio del puesto original que ésta ocupaba a los fines de crear la clasificación correspondiente a la escala 17 considerando aquellas fondones equivalentes a las que desempeñaba antes. Nada impide, sin embargo, que adopte su propia recomendación expuesta en su última solicitud de reconsideración sometida ante la Junta. Indice del Apéndice, págs. 1-3. Es decir, crear el puesto de Ayudante del Director de Relaciones Laborales con las fondones que la recurrida ejerció con anterioridad a la implantación del Plan y fije la retribución en un nivel 17, extremo este último que no cuestiona.
Por los fundamentos antes expuestos, resolvemos que incidió la Junta al ordenar al Fondo que clasifique a la recurrida como Oficial de Relaciones Laborales III. Por ello, se expide el auto solicitado a los únicos fines de dejar sin efecto la parte del dictamen recurrido que ordena al Fondo clasificar a la empleada Gloria D. Figueroa en dicho puesto para que en su lugar proceda de forma compatible con lo aquí expresado. Así modificado queda en vigor la resolución recurrida en cuanto al resto de lo resuelto por la Junta.
Lo acuerda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 2002 DTA 16
1. En su réplica al alegato de la recurrida, el Fondo afirma que en el escrito de revisión "no se cuestiona la asignación del sueldo de la [rjecurrida a la [ejscala 17". Veáse, escrito intitulado "Solicitud de Autorización Para Radicar y Réplica del Recurrente", sometido ante este Foro, pág. 2 del mismo.
2. Cabe mencionar que aunque no surge de los autos una resolución sobre el particular, ambas partes así lo admiten.
3. Véase, Informe de 8 de mayo de 2000 suscrito por el señor Saúl Rivera Rivera, Administrador Auxiliar de Recursos Humanos de la recurrente, apéndice de la solicitud de revisión, pág. 13.